MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
150 Broadway, Suite 808
New York, NY 10038
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MACEO SCOTT,<br><br>                              **Plaintiff,**<br>v.<br><br>THE CITY OF NEW YORK, Police Officer TZU L. CHEUNG (Shield #2790), Police Officer DEAN ADAMS (Shield #7702) and Police Officer WILLIAM RYAN (Shield #30855)<br><br>                             **Defendants.** | **Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.: 12-CV-5301 (CBA)(MDG) |

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York, New York City Police Officer Tzu L. Cheung, New York City Police Officer Dean Adams and New York City Police Officer William Ryan, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him, denying him a fair trial and maliciously prosecuting him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

1

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide his New York state law claims of malicious prosecution and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

### DEMAND FOR A JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

### NOTICE OF CLAIM

6. With respect to Plaintiff's state law claims against the City, a Notice of Claim was duly filed with the City of New York within 90 days of the dismissal of the criminal charges; more than 30 days have elapsed since such filing and the City has not offered to settle Plaintiff's state law claims.

7. A Notice of Claim is not required for Plaintiff's state law claims asserted against the individual defendants because Plaintiff alleges intentional conduct. In suits against municipal or county employees, as opposed to suits against municipalities or counties themselves, "service of the Notice of Claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law." N.Y. Gen. Mun. Law § 50-e(1)(b). Although a

municipality is required to "indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, … the duty to indemnify and save harmless … shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen. Mun. L. § 50-k(3).

## PARTIES

8. Plaintiff Maceo Scott ("Plaintiff" or "Mr. Scott") is a United States citizen born in Kings County, NY and is a resident of Kings County in the City and State of New York.

9. THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

10. The individual defendants are members of the New York City Police Department ("NYPD") who were so employed on March 15, 2011. The individual defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendant Officers Tzu Cheung, Dean Adams and William Ryan are sued in their individual and official capacities.

## STATEMENT OF FACTS

11. During the late morning of March 15, 2011, Plaintiff was lawfully in the vicinity of the Howard Houses, NYCHA residences, located in Brownsville, Brooklyn, NY.

12. At all relevant times, Plaintiff was in compliance with the law and did not commit any crimes or violations.

13. Plaintiff had been visiting his friend, Michelle, who lived there in apartment 7D, and upon exiting the elevator on the way out of the residences, he was approached and

stopped by uniformed NYPD officers; Officer Tzu L. Cheung and another uniformed officer.

14. Officer Cheung grabbed Plaintiff by the arm and asked Plaintiff if he had any weapons on his person, to which Plaintiff responded he did not.

15. Officer Cheung then proceeded to "pat down" and "frisk" Plaintiff, although Plaintiff had done absolutely nothing wrong; nor had Officer Cheung any reasonable suspicion that criminal activity had been, or was about to be committed by Plaintiff.

16. After Officer Cheung's frisk of Plaintiff failed to produce any contraband, Plaintiff questioned Officer Cheung as to why he was being frisked.

17. In retaliation for Plaintiff's questioning Officer Cheung as to the reason for his being frisked, Officer Cheung handcuffed Plaintiff and threw him into a police car.

18. Defendant, Officer Cheung, then stated in sum and substance to Plaintiff, "you want to be a wise guy?"; and Defendant Officer Cheung then removed from his left shirt pocket, a glassine of what appeared to be narcotic drugs - and lied to Plaintiff by telling Plaintiff that he had recovered the glassine from Plaintiff's person.

19. Although Plaintiff had done nothing wrong, Defendant Officer Cheung falsely arrested Plaintiff anyway.

20. Plaintiff was thereafter taken to the 73rd Precinct.

21. While Plaintiff was held in the precinct, Defendant Officer Cheung, with the approval and knowledge of Defendant Officers Dean Adams and William Ryan, falsely charged Plaintiff with violating New York Penal Law §220.03, knowingly and unlawfully possessing a controlled substance.

4

22. The aforesaid allegations were false and were asserted so that Defendant Officers Cheung, Adams and Ryan could enhance their arrest records while on their NYCHA vertical patrols.

23. Several hours after Plaintiff arrived at the precinct, he was taken to Brooklyn Central Booking.

24. While Plaintiff was held in Central Booking, Defendant Cheung, with the approval and knowledge of Defendant Officers Adams and Ryan, misrepresented to the Kings County District Attorney's Office that Plaintiff had knowingly and unlawfully possessed a controlled substance.

25. Defendant Cheung then signed a Criminal Court Complaint which commenced a criminal proceeding against Plaintiff.

26. Following his arraignment in Brooklyn Criminal Court, Plaintiff was required to attend court well over ten times, over the course of one year and six months.

27. Following a pre-trial suppression hearing, the false criminal charges brought against Plaintiff were dismissed on August 29, 2012.

28. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, emotional distress, fear, anxiety, humiliation and damage to his reputation.

## FIRST CLAIM
### *FALSE ARREST/FALSE IMPRISONMENT*

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. At all relevant times, Plaintiff did not commit a crime or violation.

31. Despite Plaintiff's innocence, Defendant Officer Cheung arrested Plaintiff, while Defendant Officers Adams and Ryan failed to intervene to prevent Plaintiff's false arrest.

32. Plaintiff was not free to leave while detained and arrested by Defendant Officer Cheung.

33. Plaintiff was aware of his confinement and did not consent to it.

34. Accordingly, Defendant Officers Cheung, Adams and Ryan are liable to Plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM
### *Denial of a Fair Trial*

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendant Officer Cheung misrepresented to the Kings County District Attorney's Office that Plaintiff had violated the law.

37. Defendant Cheung's misrepresentations deprived Plaintiff of liberty in that he was required to appear in court after his arraignment.

38. Accordingly, Defendant Cheung is liable to Plaintiff under the Sixth Amendment for denying Plaintiff a fair trial.

## THIRD CLAIM
### *MALICIOUS PROSECUTION*

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendant Officer Cheung maliciously misrepresented to the Kings County District Attorney's Office that Plaintiff had violated the law.

41. Defendant Officer Cheung was not motivated to serve justice but to enhance his arrest record.

6

42. The misrepresentations made by Defendant Officer Cheung deprived Plaintiff of liberty in that he was required to appear in court after his arraignment.

43. The criminal case filed against Plaintiff was ultimately dismissed.

44. Accordingly, Defendant Officer Cheung is liable to Plaintiff under the Fourth Amendment for malicious prosecution.

## FOURTH CLAIM
### *FAILURE TO INTERVENE*

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Defendant Officers Cheung, Adams and Ryan had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights, but they failed to intervene.

47. Accordingly, Defendant Officer Cheung, Defendant Officer Adams and Defendant Officer Ryan are each liable to Plaintiff under the Constitution for not intervening to prevent the violation of his rights.

## FIFTH CLAIM
### *MONELL CLAIM AGAINST THE CITY OF NEW YORK*

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. THE CITY OF NEW YORK is a "person" within the meaning of 42 U.S.C. §1983.

50. THE CITY OF NEW YORK, through a policy, practice or custom, directly caused the constitutional violations suffered by Plaintiff.

51. Upon information and belief, THE CITY OF NEW YORK, at all relevant times, was aware that Defendant Officers Cheung, Adams and Ryan, as well as numerous other members of the NYPD are unfit officers who have previously committed acts similar to

those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

52. Numerous members of the NYPD have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, corruption, theft, robbery, selling narcotics, smuggling weapons, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence.

53. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

54. In 2011, former NYPD Officer Jerry Bowen was convicted of murder and attempted murder while under indictment for corruption.

55. In *Colon v. City of New York*, 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

56. Despite the above, THE CITY OF NEW YORK exercised deliberate indifference by failing to take remedial action. THE CITY OF NEW YORK failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

57. THE CITY OF NEW YORK's failure to act resulted in the violation of Plaintiff's constitutional rights as described herein.

## SIXTH CLAIM
### *MALICIOUS PROSECUTION UNDER STATE LAW*

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. Defendant Officer Cheung, with the approval and knowledge of Defendant Officers Adams and Ryan, maliciously misrepresented to the Kings County District Attorney's Office that Plaintiff had violated the law.

60. Defendants' motivation was not to serve justice but to enhance their arrest records.

61. The criminal case filed against Plaintiff was ultimately dismissed.

62. Accordingly, Defendant Officers Cheung, Adams and Ryan are liable to Plaintiff under New York state law for malicious prosecution.

## SEVENTH CLAIM
### *VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK*

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. Defendant Officers Cheung, Adams and Ryan were acting within the scope of their employment as members of the NYPD, and as agents, servants and employees of THE CITY OF NEW YORK when they committed the torts alleged herein.

65. Accordingly, THE CITY OF NEW YORK is vicariously liable to Plaintiff under New York state law for malicious prosecution.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

    a. Compensatory damages against all defendants, jointly and severally;

    b. Punitive damages in an amount to be determined by a jury;

    c.  Reasonable attorneys' fees and costs; and

    d.  Such other relief as this Court shall deem just and proper.

Dated: March 8, 2013
       New York, NY

s/ _____
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
150 Broadway, Suite 808
New York, NY 10038
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)